UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
GFE GLOBAL FINANCE &
ENGINEERING LTD.,

                    Plaintiff,                              Memorandum & Order
                                                                       12-CV-1801 (JG)

    -against-

ECI LIMITED (USA), INC.,
TRILINI INTERNATIONAL LTD., and
ROMAN KATSNELSON,

                    Defendants.
------------------------------------------------------x
*Gold, S., United States Magistrate Judge*:

    **I.**        **Introduction**

        Plaintiff GFE Global Finance & Engineering Ltd. ("GFE") moves to amend its complaint as to causes of action against defendant ECI and dismiss without prejudice its claims against defendants Trilini International Ltd. ("Trilini") and Roman Katsnelson ("Katsnelson"). Pl. Mot., Docket Entry 40. More specifically, plaintiff seeks to narrow its complaint against ECI to claims of breach of contract and breach of the implied covenant of good faith and fair dealing. Proposed 2d Amended Complaint ("Proposed Compl.") ¶¶ 21-30, Docket Entry 40-3. These claims are based on allegations that ECI did not assist plaintiff in obtaining a copy of a bill of lading meant for plaintiff that ECI instead delivered to Trilini and Katsnelson, former employees of plaintiff who allegedly were not acting with plaintiff's authority or on its behalf. Pl. Mem. at 3, Docket Entry 40-1. The parties have consented to my jurisdiction for the purposes of this motion. Stipulation and Order dated Dec. 26, 2012 ("Stip.") ¶ 1, Docket Entry 39. I heard oral argument on the motion on February 22, 2013.

## II. Facts

This case arises out of a contract dispute over the shipment and purchase of certain machinery and the tender of a bill of lading issued in connection with that shipment.[1] In its proposed complaint, plaintiff states that it and ECI entered into a contract providing that ECI would sell and ship goods to GFE.[2] ¶¶ 8-9. Plaintiff further alleges that the other defendants it has named, Trilini and Katsnelson, "falsely represented" themselves to be agents of GFE. ¶ 14. After arranging for the shipment of the goods, ECI delivered the bill of lading to Trilini and Katsnelson, relying "upon . . . [their] apparent authority . . . to act for GFE." ¶ 19. GFE further alleges that, although it "demanded that ECI cooperate with it to obtain a bill of lading," ECI "refused to do so." ¶ 20.

ECI acknowledges in its motion papers that it delivered the bill of lading to Trilini and Katsnelson, but also contends that it cooperated with GFE's efforts to retrieve it or take other appropriate action by informing plaintiff that Trilini and Katsnelson were in possession of the document. ECI Mem. at 11-12; Holzer Aff. ¶¶ 32-33; *see also* ECI Exs. L-N (copies of undated letters from GFE requesting the bill of lading and ECI's July 26, 2010 response affirming that the document was in the possession of representatives of Trilini, including Katsnelson).

Before bringing the instant motion, plaintiff amended its complaint once pursuant to Federal Rule of Civil Procedure 15(a)(1). Am. Compl., Docket Entry 24. ECI answered that

---

[1] A bill of lading is a "document acknowledging the receipt of goods by a carrier or by the shipper's agent and the contract for the transportation of those goods." *Black's Law Dictionary* (9th ed. 2009).

[2] There are apparently two contracts between the parties, or at least two that were under consideration by them. It is somewhat difficult to ascertain what contract plaintiff contends controls in this case. The proposed complaint states that GFE and ECI "entered into . . . the 'First Contract'" in November, 2009. Proposed Compl. ¶ 8. ECI states, on the other hand, that the first contract was the result of negotiations with Trilini and Katsnelson but was never signed. Affidavit of Marshall D. Holzer, President of ECI ("Holzer Aff.") ¶¶ 16-18, Docket Entry 41-2. The parties agree that, at the request of Trilini and Katsnelson, the price and delivery terms were altered, resulting in an executed second version of the contract. Proposed Compl. ¶¶ 10-12, 15; Holzer Aff. ¶ 19; *see also* ECI Exs. B (copy of the first contract), D (copy of the second contract), F (what appears to be an executed version of the second contract), Docket Entry 41-3 at 27, 44, 55. Plaintiff states that it made two of the three payments due "[p]ursuant to the First Contract and the Second Contract," Proposed Compl. ¶ 13, while ECI attributes these payments to the second contract, Holzer Aff. ¶ 22. In any event, which contract controls has no bearing on plaintiff's motion.

pleading and asserted cross-claims against Trilini and Katsnelson. Docket Entry 25. Trilini and Katsnelson answered the complaint and cross-claims. Docket Entries 26-28. On December 26, 2012, the parties signed, and I entered, a stipulation limiting the claims in the case. The stipulation recites, most notably, plaintiff's agreement that,

> for the purposes of this action, ECI properly relied upon the apparent authority of Trilini and Katsnelson to act on GFE's behalf with respect to the agreement/contract to purchase the equipment at issue in this action, including, but not limited to, ECI's delivery prior to July 23, 2010 of the original bill of lading in connection with the subject equipment, to Trilini and Katsnelson.

Stip. ¶ 9. Plaintiff and ECI disagree, however, about whether or not ECI justifiably relied on Trilini and Katsnelson's apparent authority on and after July 23, 2010.[3] *Id.* The stipulation further provides for the dismissal of all pending claims against ECI in both the original and amended (operative) complaints with prejudice, "except insofar as they are asserted in the proposed Second Amended Complaint." *Id.* ¶ 3. Finally, the stipulation makes clear that plaintiff will dismiss its claims against Trilini and Katsnelson, as discussed *infra*, whether or not its motion to amend is granted. *Id.* ¶ 6.

After discussing the possibility of moving to file a second amended complaint during several court conferences, Docket Entries 29, 34, 36, plaintiff filed the instant motion to amend the complaint and to dismiss its claims against Trilini and Katsnelson on December 28, 2012. For the reasons stated below, the motion to amend is denied on grounds of futility. I also grant the motion to dismiss Trilini and Katsnelson from the case without prejudice and deny those defendants' request to attach conditions to the dismissal.

---

[3] The copy of the bill of lading submitted with plaintiff's papers is dated July 25, 2010. ECI Ex. K, Docket Entry 41-3 at 78. The date that the original bill of lading was delivered, however, is unclear from the papers. The language of the Stipulation, quoted above, and that of the proposed complaint, presuppose that the original bill of lading was delivered before July 23, 2010. *See* Proposed Compl. ¶ 19 (stating that, "[u]pon information and belief, when ECI delivered the bill of lading to Trilini and Katsnelson, it relied upon their apparent authority to act for GFE"). In addition, plaintiff's counsel acknowledged during oral argument that ECI tendered the bill of lading before it had any reason to question the apparent authority of Trilini and Katsnelson to act on GFE's behalf.

3

### III. Motion to Amend the Complaint

As noted above, plaintiff seeks to amend its complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) and to assert claims only against ECI of breach of contract and breach of the implied covenant of good faith and fair dealing. Rule 15(a)(2) states that, even when amendment as a matter of course is not permitted, courts "should freely give leave [to amend] when justice so requires."

Despite the liberality of the Rule, the Second Circuit has identified several situations in which leave to amend should not be granted, including "[u]ndue delay, bad faith or dilatory motive on the party of the movant . . . undue prejudice to the opposing party . . . [or] futility of amendment." *Christine Falls Corp. v. Algonquin Power Fund, Inc.*, 401 Fed. Appx. 584, 589 (2d Cir. 2010) (quoting *Dougherty v. N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002) (ellipses in original)). ECI challenges plaintiff's proposed amendment primarily on grounds of futility. An "[a]mendment is futile where the 'proposed amended complaint would be subject to immediate dismissal." *Coalition for a Level Playing Field, L.L.C. v. Autozone, Inc.*, 813 F. Supp. 2d 557, 565 (S.D.N.Y. 2011) (quoting *Jones v. N.Y. State Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir. 1999)). Thus, it is often noted that "the legal standard for futility is identical to the standard for dismissing a claim pursuant to Rule 12(b)(6), [and] a court evaluating a motion to amend a pleading must take the allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Steele v. Paypal, Inc.*, 2006 WL 3612852, at *1 (E.D.N.Y. Dec. 11, 2006).

#### a. Breach of Contract Claim

Plaintiff alleges that ECI breached their contract by not ensuring that GFE ultimately received its goods. Proposed Compl. ¶ 23. Although the proposed complaint and the operative

complaint are very similar in their descriptions of the breach of contract claim, the precise allegations differ. *Compare* Am. Compl. ¶ 22 ("ECI failed to deliver the Goods in accordance with the terms and conditions of the Contract") *with* Proposed Compl. ¶ 23 ("Upon learning that the Goods had not been delivered to GFE, ECI failed to take the reasonable steps required to have the Goods delivered to GFE in accordance with the terms and conditions of the Contracts").

A plaintiff stating a claim for breach of contract must plead "(1) the existence of a contract; (2) a breach of that contract; and (3) damages resulting from the breach." *Nat'l Market Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 525 (2d Cir. 2004) (citing *RIJ Pharm. Corp. v. Ivax Pharms., Inc.*, 322 F. Supp. 2d 406, 412 (S.D.N.Y. 2004)). To plead the breach element, plaintiff must identify a particular provision of the contract that has been contravened. *James v. Countrywide Fin. Corp.*, 2013 WL 249459, at *4 (E.D.N.Y. Jan. 23, 2013) (adopting the Magistrate Judge's recommendation that the motion to amend the complaint to add a breach of contract claim be denied because "the plaintiff . . . failed to identify any express provision [in the contract] upon which liability is predicated"); *accord Berkshire Life Ins. Co. of Am. v. Ochs*, 2009 WL 799956, at *4 (E.D.N.Y. Mar. 24, 2009) (citing *Jara v. Strong Steel Doors, Inc.*, 2007 WL 2696110, at *8 (N.Y. Sup. Ct. Sept. 12, 2007); *Phoenix Four, Inc. v. Strategic Resources Corp.*, 2006 WL 399396, at *10 (S.D.N.Y. Feb. 21, 2006)).

Plaintiff has not pointed to any provision of either of the contracts that ECI has breached or to any authority for the proposition that, contractually, ECI had an obligation to rectify the situation created when it tendered the bill of lading to agents with apparent, but allegedly not actual, authority. Plaintiff states in its Reply that the question in the breach of contract claim is "not whether GFE or ECI should bear the expense for the unauthorized acts of Trilini and Katsnelson [but rather] what . . . ECI [should] have done to correct the situation," Reply at 2;

5

however, plaintiff points to no such "duty to correct" under either contract and I discern none. More fundamentally, plaintiff does not specify which contract it believes its claim arises under, or what ECI could possibly have done once the bill had been tendered that it failed to do. I therefore find that plaintiff's breach of contract claim is futile and deny the motion to amend as to this claim.

Plaintiff also seeks leave to bring a claim that ECI has breached the covenant of good faith and fair dealing. "Under New York law, every contract contains an implied covenant of good faith and fair dealing." *Creative Waste Mgmt., Inc. v. Capital Envtl. Servs., Inc.*, 429 F. Supp. 2d 582, 609 (S.D.N.Y. 2006). This covenant "encompass[es] any promises which a reasonable person in the position of the promisee would be justified in understanding were included." *Banco Multiple Santa Cruz, S.A. v. Moreno*, --- F. Supp. 2d ----, 2012 WL 3775998, at *6 (E.D.N.Y. Aug. 31, 2012) (quoting *511 West 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 153 (2002)) (additional internal citation and quotation marks omitted). It does not, however, "add to the contract a substantive provision not included by the parties." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 199 (2d Cir. 2005) (internal citation and punctuation omitted); *see also Hunter v. Kaufman Enters., Inc.*, 2011 WL 3555809, at *5 (E.D.N.Y. Aug. 8, 2011) (noting that, under this covenant, no "obligation can be implied . . . which would be inconsistent with other terms of the contractual relationship" (internal citation omitted)).

A plaintiff will not be permitted to add a claim of breach of the implied covenant of good faith and fair dealing to a complaint where that claim is duplicative of allegations of breach of contract. It is well-settled that "New York law . . . requires dismissal of an implied covenant claim where the claim derives from the same set of facts as a breach of contract claim." *Margel v. E.G.L. Gem Lab Ltd.*, 2010 WL 445192, at *8 (S.D.N.Y. Feb. 8, 2010) (internal citation and

quotation marks omitted) (denying a motion to amend where the plaintiff's implied covenant claim rested on the same facts and alleged the same damages as the breach of contract claim); *see also Boart v. Longyear Ltd. v. Alliance Indus., Inc.*, 869 F. Supp. 2d 407, 416 (S.D.N.Y. 2012) (dismissing the implied covenant claim "as redundant" where it and the breach of contract claim were "based on the same factual elements").

Here, the proposed implied covenant and breach of contract claims are based on the same set of facts and the relief plaintiff seeks as to each claim is identical. *See* Proposed Compl. ¶¶ 1, 18, 20. Despite having denied the motion to amend the complaint to include the breach of contract claim, however, I will analyze the implied covenant claim on its merits.

Plaintiff's motion to amend the complaint to add this claim also fails on grounds of futility. It is undisputed that ECI did not frustrate consummation of the contract by withholding the bill of lading or the goods themselves. The parties agree that the bill of lading was delivered to Trilini and Katsnelson and thus that ECI no longer had the bill in its possession when GFE requested it. Proposed Compl. ¶ 19; ECI Mem. at 11-12; *see also* ECI Exs. L-N. Plaintiff does not allege that ECI concealed the fact that it had already tendered the bill of lading, or that it was tendered to Trilini and Katsnelson. Having stipulated that it was reasonable for ECI to rely on Trilini and Katsnelson's apparent authority to receive the bill of lading, plaintiff cannot now plausibly claim that ECI, by delivering the bill to Trilini and Katsnelson and then informing plaintiff it had done so, somehow undermined the performance of the contract or broke any promise plaintiff reasonably believed was made.

Further, plaintiff identifies no action that ECI *could* have taken to retrieve or replace the bill. In fact, providing a second original or duplicate bill of lading after the original bill or goods were delivered would have been ineffective according to the original bill of lading's express

7

terms. The copy of the bill that ECI has submitted provides that the "[o]ne original Bill of Lading duly endorsed must be surrendered in exchange for the Goods or Delivery Order for same, upon which the other(s) shall stand void." ECI Ex. K, Docket Entry 41-3. In addition, the bill bears a stamp that reads, "copy non-negotiable." *Id*. For these reasons, I conclude that plaintiff's proposed amendments to the complaint would be futile and deny the motion to amend in its entirety.

### IV. Motion to Dismiss Claims Without Prejudice

Plaintiff also moves to dismiss its claims against defendants Trilini and Katsnelson without prejudice and has stipulated to their dismissal regardless of how its motion for leave to amend is decided. Stip. ¶ 6. Plaintiff explains that it seeks to dismiss these claims because of the expense of pursuing them and, in particular, the costs of discovery. Reply at 9, 11; *see also* Boyko Cert. ¶ 2.[4] Trilini and Katsnelson oppose the motion in that they seek dismissal of the claims against them with prejudice. *See generally* Memorandum of Law in Opposition to Plaintiff's Motion to Dismiss the Case ("Trilini Mem."), Docket Entry 42. They also request that, if the motion to dismiss without prejudice is granted, they be awarded attorney's fees and costs, and that plaintiff be ordered to complete its responses to their discovery demands. Trilini Mem. at 20.

A plaintiff's motion to dismiss its own claims by order of the Court is made pursuant to Federal Rule of Civil Procedure 41(a)(2). Such dismissals are generally without prejudice. *Id.* While courts have "great discretion in considering whether to grant a motion for voluntary dismissal under the rule," *Lebewohl v. Heart Attack Grill LLC*, --- F. Supp. 2d ----, 2012 WL 2674256, at *18 (S.D.N.Y. July 5, 2012) (internal citation omitted), two tests have developed in

---

[4] "Boyko Cert." refers to the certification of Boyko Igor, Director of GFE, Docket Entry 45-2. Plaintiff's papers refer to the document simply as "Boyko."

8

the Second Circuit for determining whether dismissal without prejudice would be inappropriate, *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (citing *Camili v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006)). The first test examines whether the "defendant would suffer plain legal prejudice other than the mere prospect of a second lawsuit." *Lopes v. First Unum Ins. Co.*, 2012 WL 3887517, at *1 (E.D.N.Y. Sept. 7, 2012) (quoting *Camili*, 436 F.3d at 123). The second involves analysis of a series of factors described in *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir. 1990). *Kwan*, 634 F.3d at 230.

Defendants Trilini and Katsnelson argue that, if plaintiff's motion is granted, they will suffer plain legal prejudice due to the prospect of a second lawsuit in a foreign jurisdiction. Trilini Mem. at 4-9. Plain legal prejudice is not demonstrated by the possibility of another lawsuit. While defendants are correct that "[l]egal prejudice is the loss or impairment of some 'legal interest, some legal claim [or] some legal argument,'" Trilini Mem. at 4 (quoting *Staten Island Terminal, LLC v. Elberg*, 2012 WL 1887126, at *3 (E.D.N.Y. May 23, 2012)), they take this principle out of context when they argue that their ability to conduct discovery and to mount certain affirmative defenses would be hampered in another country's courts. Trilini Mem. at 5-8. A finding of loss constituting plain legal prejudice is typically a means of protecting "a defendant who is ready to pursue a claim or defense '*in the same action* that the plaintiff is seeking to have dismissed.'" *Id.* (quoting *Camilli*, 436 F.3d at 124) (emphasis in the original); *accord GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D., P.C.*, 2012 WL 1379065, at *1 n.1 (S.D.N.Y. Apr. 20, 2012).

While defendants discuss ways in which other judicial systems may differ from ours, they provide no authority, nor can the Court find any, for the proposition that the prospect of a second lawsuit in another jurisdiction gives rise in and of itself to legal prejudice. To the contrary,

9

courts have held that "the 'mere prospect of a second litigation' is insufficient to rise to the level of legal prejudice." *Elberg*, 2012 WL 1887126, at *3. *But cf. Horton v. Trans World Airlines Corp.*, 169 F.R.D. 11, 17 (E.D.N.Y. 1996) (noting that dismissal without prejudice "in order to reinstate the action in a forum that will apply a different body of substantive law clearly is disfavored") (internal citation omitted)). Defendants offer no reason to conclude that plaintiff is planning to sue them in a foreign country on the grounds asserted in this case. Defendants further present no evidence that they were "ready to pursue a [particular] claim or defense" in this action. *Elberg*, 2012 WL 1887126, at *3. Thus, defendants have not demonstrated that they will suffer legal prejudice if this action is dismissed without prejudice.

I next turn to the *Zagano* factors. In *Zagano*, the Second Circuit found that

> Factors relevant to the consideration of a motion to dismiss without prejudice include the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss.

900 F.2d at 14 (collecting cases). Defendants primarily argue that plaintiff has not been diligent and has been vexatious in bringing this motion. Specifically, they point to the fact that GFE moved to dismiss them from the action close to the final deadline for it to answer these defendants' discovery demands.[5] Trilini Mem. at 12.

These facts do not demonstrate lack of diligence. The motion to dismiss was made relatively early in the case, before other motion practice, depositions or concerted preparation for trial, and around the time plaintiff would have become fully aware of the costs of discovery. *See Ascentive v. Opinion Corp.*, 2012 WL 1569573, at*4 (E.D.N.Y. May 3, 2012) (collecting cases)

---

[5] On October 4, 2012, I ordered plaintiff to respond to Trilini and Katsnelson's discovery demands by November 2 on pain of dismissal. Docket Entry 29. On November 14, I extended the time for responses to defendants' demands to November 30. Docket Entry 34. On November 28, plaintiff filed a letter informing the Court and defendants that it sought to dismiss its claims against Trilini and Katsnelson. Docket Entry 35.

10

(observing that "[a] better measure of diligence [than the overall pendency of the case] is whether a plaintiff moved to dismiss . . . within a reasonable period of time after the occurrence of the even that led to the plaintiff's decision not to pursue the action"). Defendants have failed to identify any evidence of ill-will that might support a finding of vexatiousness. *See Jewelers Vigiliance Comm., Inc. v. Vitale Inc.*, 1997 WL 582823, at *3 (S.D.N.Y. Sept. 19, 1997) (declining "to label Plaintiff's conduct 'vexatious,'" even while disapproving of plaintiff's litigation tactics, "absent concrete evidence of any ill-motive on Plaintiff's part").[6] Nor does the pace at which plaintiff pursued this litigation suggest that dismissal should be with prejudice. While plaintiff might have made greater progress in prosecuting the case, the relatively short delays that did occur do not rise to the level of vexatiousness. *Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 356 (E.D.N.Y. 2002) (finding that vexatiousness was not shown where, "[a]lthough the plaintiff could have pursued the action with more vigor, there [was] no evidence to suggest that the case was brought to harass the defendant").

The other *Zagano* factors also weigh in favor of dismissing these defendants from the case without prejudice. As noted above, the case has not progressed beyond the first stages of discovery and, for that reason, it does not appear that any substantial expenditures made thus far would have to be duplicated in future litigation. Finally, plaintiff has pointed to a legitimate reason for its motion to dismiss: the expense of continuing with discovery. *See Ascentive*, 2012 WL 1569573, at *6 (finding that plaintiff's motion to dismiss for economic reasons was

---

[6] Defendants cite several cases for the proposition that plaintiffs behave vexatiously when they maintain that they will pursue an action but instead chose to dismiss certain claims. Trilini Mem. at 14-15. The cases cited, however, involve plaintiffs who represented that a case would continue and later reversed position without any change in the information available to them. *See, e.g., Pacific Elec. Wire & Cable Co., Ltd. v. Set Top Int'l Inc.*, 2005 WL 578916, at *5 (S.D.N.Y. Mar. 11, 2005) ("some vexatiousness" found where the plaintiff, after settling with some defendants, maintained that it would continue the case against others, but, three months later, moved to dismiss "and abruptly canceled six depositions scheduled for Taiwan"). Plaintiff has not taken any such abrupt action here. Moreover, given the ongoing discovery in this case and plaintiff's earlier representations that it would be seeking to amend the complaint, it is far from clear that plaintiff either purposefully or negligently failed to come to a decision regarding dismissal sooner.

"perfectly reasonable" and noting that "courts frequently conclude that economic considerations constitute a reasonable explanation for seeking dismissal"). For these reasons, the claims against Trilini and Katsnelson will be dismissed without prejudice.

Having granted the motion to dismiss without prejudice, I now address defendants' request for attorney's fees and costs and to compel plaintiff's discovery responses. Rule 41(a)(2) permits voluntary dismissal "on terms the court considers proper." Attorney's fees and costs, however, are generally not awarded as a result of voluntary dismissal "absent circumstances evincing bad faith or vexatiousness on the part of the plaintiff." *BD v. DeBuono*, 193 F.R.D. 117, 125 (S.D.N.Y. 2000) (citing cases); *accord Elberg*, 2012 WL 1887126, at *5; *Ascentive*, 2012 WL 1569573, at *7; *Icon Licensing Grp., LLC v. Innovo Azteca Apparel, Inc.*, 2005 WL 992001, at *4 n.6 (S.D.N.Y. Apr. 27, 2005). *But see Hinfin*, 212 F.R.D. at 462 (finding that fees should not be awarded on the defendant's showing but rejecting the "argument that fees and costs should be denied to the defendant based on [plaintiffs'] good faith"). Because I find that plaintiff has not acted vexatiously in dismissing its claims against Trilini and Katsnelson, I decline to award attorney's fees or costs.

Defendants also request that they receive plaintiff's responses to their previously propounded discovery demands "in order to establish . . . a basis to defend a similar claim in a jurisdiction where discovery is not as codified." Trilini Mem. at 20. Defendants' argument is highly speculative, relying on a future action that may or may not materialize in an unspecified foreign court that may or may not have broad discovery rules. As plaintiff notes, ordering disclosure would also defeat the purpose of the requested dismissal- to limit the costs expended on this action. *See also Ascentive*, 2012 WL 1569573, at *7 (denying defendant's request for discovery because it would "undercut the very reason [plaintiff] seeks to dismiss its claim to

begin with: to conserve its economic resources"). For these reasons, I decline to attach conditions to the dismissal without prejudice.

## V.     Conclusion

Plaintiff has stipulated that the claims in the operative complaint, except as reiterated in the Proposed Complaint, are dismissed with prejudice. Stip. ¶ 3. Having denied plaintiff's motion to amend, none of plaintiff's clams against ECI survive. Defendant ECI has also brought cross-claims against defendants Trilini and Katsnelson. These claims are largely for indemnification. *See* ECI Answer ¶ 103(C)-(D). In light of my ruling above, ECI will not be subject to damages and therefore will not have a legitimate claim for indemnification; accordingly, ECI's claims against Trilini and Katsnelson are dismissed with prejudice as well. Finally, for the reasons stated above, plaintiff's claims against Trilini and Katsnelson are dismissed without prejudice. The Clerk of Court is respectfully requested to close the case.

SO ORDERED.

/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Dated: Brooklyn, New York
       February 25, 2013

*U:\rmk 2011-12\GFE Global v ECI\GFE Motion to Amend - final.docx*